1  **WAJDA LAW GROUP, APC**
   Nicholas M. Wajda (State Bar No. 259178)
2  6167 Bristol Parkway
   Suite 200
3  Culver City, California 90230
4  Telephone: 310-997-0471
   Facsimile: 866-286-8433
5  Email: nick@wajdalawgroup.com
6  Attorney for the Plaintiff

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | Case No.: |
| **COURTNEY KENNETH RHODES A/K/A COURTNEY RHODES**, | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*:** |
| vs. | |
| **TRUEACCORD, CORPORATION D/B/A TRUEACCORD,** | 2. **VIOLATION OF THE FAIR DEBT COLLECTION ACT, CAL. CIV. CODE 1788 *ET SEQ*.** |
| Defendant | |
| | **JURY TRIAL DEMANDED** |

                              **COMPLAINT**

   NOW comes COURTNEY KENNETH RHODES A/K/A COURTNEY RHODES ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC, complaining as to the conduct of TRUEACCORD, CORPORATION D/B/A TRUEACCORD ("Defendant") as follows:

# NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices Act, ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

# JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of California.

# PARTIES

4. Plaintiff is an adult male consumer presently residing at 269 Country Club Drive, Unit 13, Simi Valley, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collection agency headquartered in San Francisco, California with offices also in Lenexa, Kansas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an alleged outstanding consumer payment obligation ("subject consumer debt"), which defendant claims is owed by the Plaintiff.

10. The subject consumer debt stems from an unsecured installment loan obligation, Plaintiff had with a company known as Bright Lending Company and which Defendant claims $766.84 is still owed.

11. On October 21, 2019, Plaintiff, through this office acting as his attorney, filed a petition for bankruptcy protection under Chapter 7 in the United States Bankruptcy Court for the Central District of California. The case was assigned docket number 9:19-bk-11736.

12. On Schedule E/F of the filed Petition, Plaintiff listed the obligation owed to Bright Lending as an unsecured personal loan claim. Bright Lending was also listed on the claims matrix and received notices with regard to the bankruptcy filing.

13. On February 24, 2020 the Bankruptcy Court issued an Order of Discharge to the Plaintiff, relieving him of any personal liability for the unsecured debt.

14. According to Defendant's website, their business policy is "code driven compliance" in which, "control, auditability and real-time updates for changing rules and regulations' are managed

exclusively by computer "code ensuring that all regulatory requirements are met, and allowing for the flexibility to quickly adjust to new rules and case law."

15. Defendant uses a nearly fully automated management system to send collection letters to consumers with accounts with credit card, internet based subscription service, consumer loan, e-commerce and telecommunication account delinquencies.

16. On June 12, 2020, the former creditor, Bright Lending wrote to Plaintiff and advised they were turning over the outstanding balance of $766.84 on the account to a third-party collection agency, despite the fact the Plaintiff no longer had any personal liability to repay the debt.

17. On July 30, 2020, at 8:50:27 am PDT, a "Daryl Washington," who subsequently identifies himself as "your fully automated Account Manager over at TrueAccord", acting as an agent or employee of Defendant, emailed a demand for payment of the Bright Lending balance of $766.84 to Plaintiff's email address. Said demand was sent over 5 months after Plaintiff's liability to repay this debt had already been discharged.

18. Upon information and belief, Defendant either failed to complete its due diligence through a simple PACER search, or Defendant's code driven compliance system failed to alert Defendant it was attempting to collect a debt Plaintiff did not have any legal liability to repay.

19. Between July 30, 2020 and January 6, 2021, Defendant sent at least 22 separate email demands for payment of a debt it had no legal authority to attempt to collect.

20. Upon reading Defendant's email demands for payment, Plaintiff was led to believe Defendant still considered him to be personally liable for the repayment of the outstanding balance of the Bright Lending discharged debt.

21. Further, upon information and belief, Defendant must have been aware the debt was not collectible against the Plaintiff, because its own complex automated systems would have told them so and in the 6 plus months they have actively engaged in attempting to collect the debt, they never added interest, fees or any costs.

22. Regardless of Defendant's intentions, Defendant's multiple email attempts to collect the debt deceived Plaintiff into believing he was still personally liable to repay the obligation, which in reality he was not and that Defendant was legally authorized to collect such a debt from Plaintiff, which it was not.

23. Defendant's actions were deceptive, unfair, misleading and inappropriate.

24. Plaintiff has suffered financial loss including expending costs and assets in dealing with Defendant's conduct.

25. Plaintiff has further suffered a violation of his state and federally protected substantive interests as a result of Defendant's conduct.

26. Plaintiff further believes Defendant's conduct is part of a scheme or practice to deceive other consumers similarly situated as himself.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

30.     Defendant, as part of its regular business, is engaged in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business. Defendant also regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31.     The subject debt is a "debt" as defined by FDCPA 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

      a.      **Violations of the FDCPA §1692e**

32.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33.     In addition, this section enumerates specific violations such as:

    "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C.§1692e(2)(A);

    "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34.     Defendant violated §§1692e, e(2)(A), and e(10) through its literally false, deceptive and misleading representation as to Plaintiff's rights under the FDCPA. Given Defendant's explicit demands for payment and representations Plaintiff was still personally liable for the repayment of the outstanding balance of a debt, for which said personal liability was already discharged by the Bankruptcy Court and the fact Defendant made at least twenty-two (22) separate attempts to

collect on this debt, Defendant blatantly violated Plaintiff's statutorily provided rights and engaged in conduct in direct violation of the FDCPA per Ninth Circuit precedent.

WHEREFORE, Plaintiff, COURTNEY KENNETH RHODES A/K/A COURTNEY RHODES, respectfully requests this Honorable Court enter judgment in his favor as follows:

a. Declaring the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

37. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civil Code §1788.2(d) and (f).

38. Defendant is a debt collector as defined by Cal. Civil Code §1788.2(c).

     a.     **Violations of RFDCPA §1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code §1788.17 states "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

41. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, which Plaintiff did not personally owe, in violation of the RFDCPA.

42. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the FDCPA should trigger this Honorable Court ability to award Plaintiff statutory damages of to $1,000.00, as provided under Cal. Civ. Code §1788.30(b).

WHEREFORE, Plaintiff, COURTNEY KENNETH RHODES A/K/A COURTNEY RHODES, respectfully requests this Honorable Court enter judgment in his favor as follows:

    a. Declare the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code §1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code §1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code §1788.30(c); and

    e. Award any other relief as the Honorable Court deems just and proper.

Dated:  March 1, 2021                                  Respectfully submitted,


By: /s/  Nicolas M. Wajda
**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
Email: nick@wajdalawgroup.com